IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| Crystal Coates, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:08-cv-04158-NKL ) |
| Derrick Powell, et al., | ) ) |
| Defendants. | ) ) |

**ORDER**

Plaintiff Crystal Coates ("Coates") brings this lawsuit against Defendant Derrick Powell ("Powell"), among others, for injuries she allegedly suffered during the course of an investigation and arrest. Before the Court is Coates' Third Motion to Preclude Powell's Expert Witness, Lieutenant West, from Testifying [Doc. # 46]. For the following reasons, the motion is denied in part and granted in part.

**I.  Background**

Powell is a Trooper with the Missouri State Highway Patrol. He arrested Coates in June 2007 stemming from an investigation concerning neglect of her children. During the course of arresting Coates, Powell applied the "CLAMP technique" to Coates. The CLAMP technique is a method for handcuffing and effecting arrest. Powell applied the CLAMP technique to Coates and broke her arm. Coates alleges claims under 42 U.S.C. § 1983 as well as state law claims for trespass, assault, battery, and infliction of emotional distress. In

addition to Powell, Coates names as Defendants several other social services and law enforcement employees.

Powell has designated Lieutenant Jerry West ("West") with the Missouri State Highway Patrol as an expert on the CLAMP technique. According to Powell, West will provide opinions concerning (1) whether physical injury may result from the use of the CLAMP technique even when it is properly applied and (2) whether the CLAMP technique used by Powell is an acceptable technique for effecting the arrest of a resisting suspect.

Coates has previously objected to West's designation: first, because that designation was approximately one week late; and, second, because she stated she did not understand the bases for his opinions. In a February 23, 2009, teleconference regarding the parties' dispute over West's testimony, the parties were given until March 5 to resolve the matter and report back to the Court if they could not do so. Powell provided Coates with additional materials on which West relied in giving his opinion, and Coates took West's deposition on March 13, 2009.

Coates did not report further problems with West to the Court on or before March 5. Instead, she filed her present motion to exclude West on April 1, 2009.

**II.    Discussion**

Coates now seeks to exclude West from testifying for Powell for various reasons.[1]

---

[1] Other than cases which set forth the general standard for analysis of experts under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Coates does not cite case law in support of her argument for the exclusion of West's testimony.

2

## A. Designation Out of Time

Coates complains that Powell designated West as an expert out of time such that the problems with West's report can no longer be fixed. On February 10, 2009, ruling on Coates' first motion to preclude West, the Court found that Coates was not prejudiced by the delay, as discovery remained open and Coates had just recently begun active discovery. [Doc. # 27.] Coates failed to take the opportunity provided by the Court to address those problems (or request an extension) on or before March 5. Coates herself designated West as an expert in her own case out of time. She was able to take West's deposition. The designation out of time is not grounds for excluding West's testimony.

## B. Rule 26

Coates states that West's report does not meet the standards set forth in Rule 26 of the Federal Rules of Civil Procedure. The parties have not addressed the issue of whether West was even required to submit a report where he has not been retained to give expert testimony and his job duties do not regularly involve expert testimony. Rule 26(a)(2)(B) states:

> *Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

Fed. R. Civ. P. 26(a)(2)(B). *See generally Greenhaw v. City of Cedar Rapids, Iowa*, 255 F.R.D. 484 (N.D. Iowa 2009) (finding that officer expert was not required to submit a report where he was not specially employed as an expert and did not regularly give expert testimony).

In *Greenhaw*, the plaintiff sued a city and two police officers for alleged excessive use of force, and various state law claims including intentional infliction of emotional distress. *Id.* at 485. The City designated another police officer as an expert, apparently regarding the propriety of an arrest. *Id.* In determining whether the expert officer was required to prepare a report, the *Greenhaw* court considered the language of Rule 26(a)(2)(B), which provides that experts who are "retained or specially employed" to provide expert testimony, or are individuals "whose duties as the party's employee regularly involve giving expert testimony"; the expert officer fit neither of these descriptions. *See id.* at 486. The *Greenhaw* court discussed conflicting case law and noted that the Eighth Circuit has not addressed the issue of whether such experts were required to submit reports. *Id.* at 488. The *Greenhaw* court determined that, under the plain language of the rule, the expert officer was not required to provide a report, though his opinions were subject to discovery. *Id.* (denying motion to exclude the expert officer's testimony based on the City's failure to provide a timely written report).

*Greenhaw* is analogous to this case. West's report reflects that he is not receiving compensation for his testimony in this case and that he has not testified as an expert in any cases in the last four years. Therefore, as in *Greenhaw*, West was not "retained or specially employed as an expert"; his duties do not "regularly involve giving expert testimony." Applying the reasoning of *Greenhaw*, West was not required to provide a report in this case. *See generally* Fed. R. Civ. P. 26(a)(2)(B), advisory committee notes ("The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained

4

or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony."). Nevertheless, because the parties did not address the *Greenhaw* issue, the Court will consider Coates' arguments concerning West's report.

### 1. Author of West's Report

Coates complains that West did not author his expert report; she argues that Powell's attorney did so. When asked who wrote the report, West testified:

> I gave this information to [Powell's attorney] and then I reviewed it, sent it back to him for corrections, and then reviewed it again and then signed it agreeing that this information was correct . . . .
> I think I would be considered the author. I think [Powell's attorney] -- well, or both, I guess, because I did edit it once he sent it to me the first time.

[Doc. # 47, Ex. 1.] West is not a professional expert. To the extent a report was necessary, Powell's attorney was responsible for assuring that West's report met the requirements of Rule 26. Editing and drafting by Powell's attorney of information provided by West does not equate to Powell's attorney authoring the report. *See generally Highway Equip. Co. v. FECO, Ltd.*, No. 2005 WL 1843469, at * 14C03-0076, (N.D. Iowa July 27, 2005) (finding that an attorney's revisions of an expert's initial draft did not equate to the attorney authoring the report, particularly where the expert was not a "career" expert); Fed. R. Civ. P. 26(a)(2)(B), advisory committee notes ("Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed."). West's working with Powell's attorney on the report is not a basis for excluding West's testimony.

5

**2. Documents**

Next, Coates argues that West's testimony should be excluded because he did not list in his report all documents on which he relied to form his opinions. Though West testified that he reviewed a report from the Highway Patrol's Professional Standards office, he denies having relied on it to form his opinions. Coates does not dispute that she was provided with a copy of that report in Powell's initial Rule 26 disclosures. Coates had the opportunity to inquire further about the report at West's deposition. Failure to disclose West's review of the report did not violate Rule 26 when he has stated that he did not rely on it.

**3. Qualifications**

Coates also challenges West's qualifications. While Coates emphasizes that West is not a qualified medical expert, Powell does not indicate that West will testify to a medical opinion. Powell does proffer West for his opinion on whether the CLAMP technique can cause injury even if properly applied; he may testify to his knowledge of injuries which occur with proper application of the CLAMP technique. As he is not trained in evaluating injuries from a medical perspective, West may not testify as to whether Coates' medical records reflect injury consistent with a properly applied CLAMP procedure, for example. As he was not present for the incident which is the subject of this case, he may not testify to the facts concerning whether Powell properly applied the CLAMP procedure to Coates. West will not be permitted to give medical testimony.

Coates further complains that West's qualifications were not fully disclosed. She argues, "While he does list that he has certificates, is a master in certain aspects of law

6

enforcement, and an instructor in others, there is no mention as to what school or group gave him these accolades. Without more, these qualifications are just mere words on paper . . . ." [Doc. # 47 at 5-6.]

West's report lists numerous qualifications. It indicates that he has been assigned to the Training Division of the Highway Patrol, and that he has been an instructor in "Defensive Tactics" at the Patrol Academy since 2003. The report lists several certifications – most apparently from the Highway Patrol. It includes a listing of various specialized law enforcement training and experience. In addition, the Court's record reflects that Powell's attorney attempted to provide additional information regarding West's qualifications on Coates' second challenge to West. [*See* Doc. # 30, Ex. 1.] Coates could have explored West's qualifications further at his deposition. The report adequately indicates that West is qualified as an expert.

### 4. Reasoning

In addition, Coates states that West's report does not explain his reasoning. West's report does not go into lengthy explanations. It states that, based on West's training and experience:

> The CLAMP technique is . . . generally accepted in the law enforcement community as an effective and proper means to gain compliance with the arresting officer's desire to have the suspect submit to arrest. Any procedure that an officer uses to effect an arrest of a suspect who resists has some risk of injury, and varying degrees of danger to the officer. The CLAMP is one of the safer techniques available and one of the most effective. . . .
> The CLAMP technique is one of the safer methods of effecting an arrest because it allows the officer more control over the suspect and allows the suspect to avoid or reduce any discomfort or pain by complying . . . . Though the CLAMP does have some risk of a spiral fracture occurring if the suspect continues to resist, that risk of injury is less than other possible, acceptable methods available to carry out an arrest. Once you have a suspect that will not submit to an arrest, all techniques available to a police officer include some risk of injury to the suspect.

[Doc. # 26, Ex. 1.]

This summary opinion does not detail West's reasoning. The Court will not shift the burden to Coates to discover information which should have been more fully disclosed in the report. *See* Fed. R. Civ. P. 26(a), advisory committee's note (indicating that the party proffering an expert has the burden of setting forth that expert's testimony). However, in this case, the parties apparently agreed to resolve their differences regarding West's report by proceeding with his deposition: Coates did not report otherwise as ordered by the Court. Coates had the opportunity to explore West's underlying reasoning at his deposition. She points to no place in his deposition where her attorney asked direct questions concerning his reasoning or followed up on any of the answers she states were incomplete. The Court will

8

not bar West's testimony for failure to include West's reasoning in the report itself, but will limit this testimony to what was revealed in the report and at the deposition.

### 5. *Daubert* and Rule 702

Coates also challenges West's opinion as unreliable under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Rule 702 of the Federal Rules of Civil Procedure, as amplified by *Daubert*, requires consideration of whether an "expert's methodology is scientifically valid and applicable to the case." *Bland v. Verizon Wireless, (VAW) L.L.C.*, 538 F.3d 893 (8th Cir. 2008) (citation omitted).

> [F]actors bearing upon this determination include whether the expert's theory or technique (1) can be and has been tested, (2) has been subjected to peer review and publication, (3) has a known or potential rate of error, and (4) has gained general acceptance in the relevant community.

*Id.* (citations and internal punctuation omitted).

#### a. Reasoning

Coates argues that West's opinions fail the *Daubert* test because they cannot be verified by a reviewing expert, again stating that the report does not list West's reasoning. Powell offers West's opinions on the following topics: (1) whether physical injury may result from the use of the CLAMP technique even when it is properly applied and (2) whether the CLAMP technique used by Powell is an acceptable technique for effecting the arrest of a resisting suspect. It appears from West's report that his opinions are not based on complicated equations or obscure scientific knowledge, but rather on his training and

9

experience as a law enforcement officer. Another qualified expert could evaluate Powell's relatively simple opinions on the topics for which his testimony is offered.

### b. Bias

Further, Coates states that West's report fails the *Daubert* test because he has an "inherent bias" toward Powell. On this topic, Coates states that West relied on biased information in reaching the conclusion that Coates was resisting arrest. However, Powell has indicated that West will testify that the CLAMP procedure is appropriate where an individual is, in fact, resisting, not that Coates was actually resisting; to the extent that Coates wants to clarify that West has no first hand knowledge of the facts surrounding Coates' arrest, she may do so on cross-examination.

As to West's general bias, Coates has had an opportunity to explore that topic with West at his deposition, and may do so again at trial. At West's deposition, Coates' attorney did ask a series of questions concerning whether West is biased in favor of highway patrol troopers and Powell in particular. These questions may be raised again on cross-examination at trial.

### c. Relevance

Finally, Coates argues that West's testimony is irrelevant because it will invade the province of the jury through the opinion that Powell's use of force was reasonable. To a limited extent, the Court agrees. The final paragraph of West's report describing his opinion states:

10

> Based on my training and experience, it is my opinion that the use of force by . . . Powell in placing . . . Coates in a CLAMP hold to effect her custodial arrest was a reasonable acceptable use of force and was not excessive under the circumstances. Because . . . Coates plead guilty to at least one of the charges, the legality of the arrest itself is not at issue. The use of force described by . . . Powell was a proper use of force under the circumstances.

[Doc. # 26, Ex. 1.] West's report opines that the CLAMP technique is appropriate *in the event an individual is resisting arrest*. Whether Coates was resisting arrest is a question of fact for the jury; West is no more qualified than a layperson to determine the truth about Coates' conduct. The ultimate question of whether Powell used excessive force is not the question on which Powell argues he is offering West. West may not testify as to the "opinion" he gives in the above-quoted paragraph.

The Court will further address the proper scope and bounds of West's testimony at trial. Coates may object to any portion of that testimony she believes is inappropriate.

### III. Conclusion

Accordingly, it is hereby ORDERED that Coates' Third Motion to Preclude Powell's Expert Witness, Lieutenant West, from Testifying [Doc. # 46] is DENIED in part and GRANTED in part as stated in this order.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 11, 2009
Jefferson City, Missouri

11