# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| Crystal Coates, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:08-CV-04158-NKL |
| ) | |
| Derrick Powell, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Crystal Coates ("Coates") brought this lawsuit against, among others, Defendants Derrick Powell ("Powell") and James Keathley ("Keathley"). The parties reached a settlement before trial. Before the Court is Coates's Motion for Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988 [Doc. # 118] and Coates's Motion to Dismiss Defendants Powell and Keathley [Doc. #125].

Among other claims, Coates alleges that Powell and Keathley violated 42 U.S.C. § 1983 in the course of an investigation and arrest. Coates's Complaint requests damages and attorneys' fees. After much litigation, Powell and Keathley were the only remaining Defendants for trial.

On the eve of trial, the parties informed the Court that they reached a settlement. [*See* Doc. #114.] Coates's briefing explains the settlement:

> The Attorney for Defendants Powell and Keathley offered to settle the claims against his clients by his "*letter to formalize the settlement offer on behalf of the State of Missouri. We are willing to pay your client $45,000 in settlement of all claims between Plaintiff and the Defendants.*" Plaintiff Crystal Coates accepted that offer

. . . .

[Doc. #118 at 4 (emphasis original).] The parties have not otherwise executed a formal written settlement contract.  On December 8, 2009, the Court gave the parties seven days to file a motion to enforce settlement, stating that it would dismiss thereafter if the parties did not do so.  The attorney for Defendants Powell and Keathley delivered, and Coates's counsel accepted, a check for $45,000.[1]

Coates filed her motion for attorney fees on December 12, 2009. Coates argues that the settlement renders her a "prevailing party" entitled to attorneys' fees.  Section 1988 provides for reasonable attorneys fees to "prevailing parties" in actions brought pursuant to § 1983.  The United States Court of Appeals for the Eighth Circuit has summarized the law regarding § 1988 fee awards in cases that settle:

> In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001), the Supreme Court concluded that a "prevailing party" is one that obtains a judicially sanctioned, material alteration of the legal relationship of the parties. *Id.* at 604-05, 121 S. Ct. 1835.  Thus, a party that secures an enforceable judgment on the merits or a court-ordered consent decree is a "prevailing party." *Id.* at 604, 121 S. Ct. 1835. By contrast, the Court implied, a party that obtains a mere private settlement does not qualify, because "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees." *Id.* at 604 n. 7, 121 S. Ct. 1835. Indeed, the Court noted, "federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal." *Id.*

*Bill M. ex rel. William M. v. Nebraska Dep't of Health & Human Servs. Fin. & Support*, 570

---

[1] Coates filed a motion to enforce the settlement contract on December 15, 2009. Because Powell and Keathley showed that they paid Coates the amount she requested, the Court denied that motion on January 6, 2010. [*See* Doc. #123.]

F.3d 1001, 1003 (8th Cir. 2009) (finding that a settlement did not entail the requisite "judicial approval or oversight" to confer "prevailing party" status where the district court made no determination on the quality or fairness of the settlement, did not incorporate the terms of the settlement into its dismissal, and did not retain jurisdiction to enforce the settlement). A district "court's enforcement jurisdiction alone is not enough to establish a judicial 'imprimatur' on the settlement contract" required for "prevailing party" status. *Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 993 (8th Cir. 2003) (considering a § 1983 class action in which the district court had approved a settlement, dismissed without prejudice, and retained jurisdiction to enforce the settlement agreement). "[A] party prevails only if it receives either an enforceable judgment on the merits or a consent decree." *Christina A.*, 315 F.3d at 993.

Here, the Court has issued nothing judicially sanctioning or materially altering the legal relationship of the parties. It has not "approved" a settlement, much less entered a judgment on the merits or a consent decree. There is no judicial imprimatur on the settlement contract which could give rise to "prevailing party" status for Coates. She is not entitled to attorneys' fees.

On January 11, 2010, Coates also filed a motion to dismiss Powell and Keathley with prejudice. The motion states: "Plaintiff has obtained her requested relief of monetary damages on the merits . . ., the issues between Plaintiff and Defendants Powell and Keathley have been finally resolved . . . ." [Doc. #125 at 2.] Nevertheless, the motion requests that the Court incorporate the "terms of the settlement agreement" into a dismissal order and retain jurisdiction over the settlement

agreement to enforce its terms.

While Powell and Keathley do not object to dismissal with prejudice, they emphasize that there are no remaining issues between the parties justifying Coates's other requests. The Court agrees. First, the settlement contract that Coates entered was for "settlement of all claims between Plaintiff and the Defendants." The plain meaning of "all claims" naturally includes claims for attorney fees. *See Young v. Powell*, 729 F.2d 563, 566-67 (8th Cir. 1984) (denying a § 1988 request for fees where the parties settled, stipulating that they had resolved "all disputed issues" in the complaint, where the complaint requested attorneys' fees: "If a settlement does not resolve all issues in a case, the parties should not stipulate to a dismissal without reserving the unresolved issues or in some appropriate way indicating their intent as to such issues"). The settlement language quoted by Plaintiff does not exclude fees from the settlement contract.

Second, as Coates herself says, the issues between Coates and Defendants Powell and Keathley have been finally resolved. They have satisfied their obligation under the settlement contract by paying her the $45,000 they offered and she accepted. There is no need to incorporate any terms into a dismissal order and there is no dispute over which to retain jurisdiction.

Accordingly, it is hereby ORDERED that Coates's Motion for Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988 [Doc. # 118] is DENIED. Coates's Motion to Dismiss Defendants Powell and Keathley [Doc. #125] is GRANTED IN PART and DENIED IN PART: Defendants Powell and Keathley are dismissed with prejudice; the Court will not incorporate the terms of the settlement contract into its judgment Order, nor will it retain

4

jurisdiction over enforcement of that contract.

                                                                  s/ NANETTE K. LAUGHREY
                                                                  NANETTE K. LAUGHREY
                                                                  United States District Judge

Dated: January 25, 2010
Jefferson City, Missouri